The appellee is on submission. And we have Miss... Do you want to pronounce your last name? It's Matthew. Matthew. Miss Matthew. You have ten minutes, and you can begin whenever you're ready. Thank you. Good morning. May it please the Court, Emily Matthew from Thompson-Hine, LLP for the appellants. This appeal concerns the enforcement of a form selection clause. We seek to have the clause enforced based on the clear law in this circuit that when a form selection clause includes some permissive language combined with obligatory language regarding venue or jurisdiction, that suffices to make the clause mandatory and presumptively enforceable. On our motion for default judgment to enforce a guarantee, which was signed by the defendant, the district court dismissed the case sua sponte for lack of personal jurisdiction. The parties had consented to personal jurisdiction in New York in a form selection clause in the guarantee, and in fact to the exclusive jurisdiction of courts in New York City, but the district court found the clause to be permissive rather than mandatory and declined to enforce it. The result of the district court's dismissal is to leave the plaintiff's appellants without any clear forum in which they can be sure of enforcing the guarantee. However, respectfully, the language of the form selection clause is in fact mandatory because it combines, as I said, permissive language with unmistakable and repeated mandatory language. Here's the key language of the form selection clause. It does start out by saying that a proceeding relating to the guarantee may be brought in any court in New York City. Can I ask you? Yes. I'm sorry. I hope I'm not going to mess up your flow too much, but with regard to the language of this clause, it seems a bit less specific than the clauses in some of the other cases in that it doesn't name a particular court. Some of the other cases involving these kind of clauses will say courts in the Southern District of New York or federal court or something like that, and this one says a court located in New York City. Is that a problem? It is not, I don't think, a problem. There are cases that we've discussed in our brief where, for example, this court has found that if a form selection clause does not specify state versus federal court, for example, that that is not an issue. Something that just says the states and the courts in the state of New York is understood to include federal and state courts in New York State, and that does not undercut the mandatory nature of the clause. So we talked about in our brief- I just want to make clear, because you referred to our precedent, but New York law is what applies here. There are some of our cases that are talking about federal standard, which I think is very similar to New York, but I just want to make clear that pursuant to the agreement, New York law applies here, right? That is correct. And you mentioned the sui sante dismissal, but you're not questioning that in proper circumstances that the district court has the authority to do that, right, sui sante? Correct. We're not questioning that. Yeah. And on New York law, there's a case that was cited, Trump v. Deutsche Bank, where I think it had, again, pretty broad maybe institute in any federal court or state court in New York County, right? And then it had the waiver of venue and the waiver of forum, which is similar to here, right? That's correct. And that was found to be mandatory in the Trump v. Deutsche Bank case. Okay. That's correct. Yes. Right. So this language, as I said, begins by saying maybe, which is not in and of itself standing alone, mandatory, but then goes on to talk about that the party irrevocably submits to the exclusive jurisdiction, waives any objection to venue, agrees that all related claims shall be heard and determined only in such court, and agrees not to bring any proceeding arising out of the guarantee in any other court, which is the language that, as I referred to earlier, raises the concern that if the parties were not able to pursue, or if we were not able to pursue the case in the Southern District of New York, and we took the case to, for example, the District Court in Michigan, which is what the District Court here suggested, that court could find that we couldn't pursue it here based on that exclusive language in the guarantee. The District Court also seemed to think that the language in the purchase agreement regarding Brazil was relevant to this analysis. Can you address that? Certainly. So there is a separate purchase agreement. The guarantee is a guarantee of the purchase agreement, but we believe that the form selection clause in the guarantee, which is very clear, is the one that should apply. And the guarantee- And the claims here all relate to the guarantee? Solely to the guarantee. We are simply trying to enforce the guarantee itself.  will resolve claims relating to the guarantee only under the guarantee. So under the analysis I just discussed, we think that this brings it within the mandatory- This is a clause that is a mandatory clause, and therefore the court can go on to look at the rest of the framework that's- There's a four-part framework that's well-established in this court. That being, was the form selection clause reasonably communicated to the other party? It was very clearly set forth in the guarantee, all capital letters, a relatively concise commercial agreement. There should be no question. Are the parties and the claims subject to the form selection clause? The parties in this case are exactly the same as the parties to the guarantee, and it's a claim that arises under the guarantee, which is clearly within its ambit. And then finally, the court might look at whether the opposing party has rebutted the presumption of enforceability. Obviously, the other side has not appeared, either in the district court or here, although they're aware of the case, so they haven't rebutted it. But there would not really be any reason to find that it's unreasonable to enforce the clause. It's a U.S.-based defendant contracting with foreign parties that decided to bring their- which is very commonplace and reasonable. So again, I just would highlight, again, the concern that if the court here can't hear the case, we may have no other way to enforce the guarantee. And with that, if there are no other further questions from the court- But if we were to agree with you and we vacated, if they were to appear at some point then, as the full proceedings continued, they could make an argument, even if we can't determine that there's anything unenforceable, they could still make that argument at that point, right? I- well, let's see- Not based upon if we would agree with you on the language that it applies, but in terms of the four steps, they would- in other words, it's hard to say whether or not there's some type of fraud when there's nobody on the other side to point it out. So if they were to appear, get the default vacated, they could argue that, right? That there was some type of fraud. After- so I'm trying to think procedurally how that would work and when they- If we were to agree with you, we would be saying that this is not- this is a mandatory clause. It applies, but as to the other steps, certainly, if they were able to come into the case, they wouldn't be precluded, in other words, by this appeal from arguing that, because they can really get a chance at this point to make those arguments on whether or not there's some type of fraud or on the unjust reason, overreaching, for example, right? Well, I would argue that they waived those- the opportunity to make that argument, having not appeared below, but I don't know that the court would not hear that argument. The argument that's in front of us vacated, dismissed, with prejudice? It dismissed without- the lower court dismissed without prejudice for us to file in a different federal district court. But the default proceeding would continue if we were remanded- Correct. If the case is not over, the default would continue, right? That is correct. The only issue addressed below is this particular jurisdictional issue. Thank you. Thank you. We'll reserve the decision.